**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL L. THOMAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 4:26-cv-4970 |
| | § | |
| TOBY ROCKETT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant United States of America respectfully moves to dismiss the claims brought by Plaintiff because (1) they are barred by sovereign immunity; (2) any claims incident to his military service are barred by the *Feres* doctrine; and (3) Plaintiff fails to state a claim.

## NATURE AND STAGE OF THE PROCEEDING

On May 1, 2026, Plaintiff filed his original petition against the above-named officers of the United States Army in the 164th Court in Harris County, Texas. Dkt. 1-2. The petition asserts various claims under federal law, including U.S. Army Regulation 600-20 and Articles 105 and 107 of the Uniform Code of Military Justice. On June 23, 2026, Defendants removed this lawsuit to this Court. Dkt. 1.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action when it lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."

*Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quotations omitted). Once a Rule 12(b)(1) motion is filed, the party asserting jurisdiction bears the burden of proof. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quotations omitted). In reviewing such a motion, a court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quotations omitted).

Further, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Unsupported factual allegations and legal conclusions, however, receive no such deference. *Id.* at 679. A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

### I. The Court lacks jurisdiction over Plaintiff's claims due to sovereign immunity.

The federal government cannot be sued unless Congress has waived sovereign immunity by statute. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. King*, 395 U.S. 1, 4 (1969). Accordingly, to bring the United States or one of its agencies into court, a statute must expressly waive the sovereign

immunity of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). A waiver of sovereign immunity is "strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

Here, Plaintiff has not pled a waiver of sovereign immunity that would allow suit against the United States or its officers. While the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity, Plaintiff has not alleged tortious conduct by a federal employee acting within the scope of his employment. *See* 28 U.S.C. § 2679(b)(1).

Moreover, even if he did allege an FTCA claim, the statute requires a claimant to exhaust administrative remedies before bringing an action against the United States in federal court. *See* 28 U.S.C. § 2675(a); *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). Plaintiff has not alleged that he filed an administrative claim before filing this lawsuit. Dkt. 1. Because sovereign immunity has not been waived, the Court lacks jurisdiction over Plaintiff's claims.

**II. To the extent Plaintiff alleges claims incident to his military service, such claims are barred by the Feres doctrine.**

Under the *Feres* doctrine (or "intra-military immunity doctrine"), the government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). "[J]udicial intrusion into military matters is to be most cautiously and charily approached. This perception is the product of the profound realization that the judicial process is manifestly ill-suited for resolution of most of the myriad disputes which arise in that field." *Farmer v. Mabus*, 940 F.2d 921, 923 (5th Cir. 1991) (citing *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)). Courts are not allowed to consider whether the specific lawsuit would invade military decision-making or otherwise "implicate the rationales for the *Feres* doctrine";

the inquiry is simply whether the injuries incurred "incident to military service." *Verma v. United States*, 19 F.3d 646, 648 (D.C. Cir. 1994). It is thus "the military environment, not the nature of the claim, that is controlling." *Filer v. Donley*, 690 F.3d 643, 650 (5th Cir. 2012); *see also Meagher v. Heggemeier*, 513 F. Supp. 2d 1083, 1097 (D. Minn. 2007) (*Feres* doctrine barred suit where "the alleged defamation was assertedly made solely in the context of a military promotion decision").

Therefore, his claims should be dismissed for lack of subject matter jurisdiction.

## III. Plaintiff fails to state a claim.

Plaintiff's threadbare complaint does not plausibly plead any cause of action. Because he provides nothing "more than labels and conclusions" his complaint should be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the claims brought by Plaintiff in their entirety.

Dated: August 7, 2026

Respectfully submitted,

AARON F. REITZ
United States Attorney

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3300
myra.siddiqui@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on August 6, 2026, I attempted to confer with Plaintiff regarding the foregoing via email. I received no response.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on August 7, 2026, the foregoing was filed and served on Plaintiff via email and certified mail.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney